IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


TERRY L. SPIRK              :
                            :
        Plaintiff           :
                            :
    v.                      :   CIVIL NO. 3:CV-12-2157
                            :
UNITED STATES OF AMERICA,   :   (Judge Conaboy)
                            :
        Defendant           :

_____

## MEMORANDUM
### Background

Terry L. Spirk, an inmate presently confined at the Schuylkill Federal Prison Camp, Minersville, Pennsylvania (FPC-Schuylkill) initiated this pro se combined Bivens[1]-type civil rights and Federal Tort Claims Act (FTCA) action. The only Defendant named in the Complaint is the United States of America. Service of the Complaint was previously ordered.

Spirk states that he was diagnosed with malignant osteomyelitis in 2005.[2] Upon his arrival at FPC-Schuylkill in 2006, Plaintiff allegedly informed prison medical personnel of his

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. Plaintiff explains that he was initially diagnosed as having osteomyelitis in 1964 at the age of fifteen. Approximately ten years later, he was diagnosed as having chronic osteomyelitis.
   On May 18, 2005, Spirk's left leg was amputated below the knee after a diagnosis of malignant osteomyelitis.

1

condition as well as indicating that "he was also experiencing a tooth ache in Plaintiff's lower left jaw." Doc. 1, ¶ 2.

According to the Complaint, between October 23, 2006 and October 27, 2009, Plaintiff made numerous request to medical and non-medical staff regarding his tooth ache which were ignored.[3] Spirk acknowledges that his tooth was eventually extracted on October 28, 2009. However, Plaintiff experienced complications which resulted in an October 31, 2009 visit to the emergency room of an outside hospital. On November 1, 2009, Plaintiff underwent emergency surgery at an outside hospital.

During this surgical procedure, another tooth and bone fragment were removed. In addition, treatment of infection was undertaken which included draining of the infection and the placement of an intravenous pic line. Plaintiff was diagnosed as having chronic osteomyelitis of the jaw. Spirk was transferred to the Federal Medical Center, Fort Devins,(FMC-Devins) Massachusetts following a sixteen (16) day hospital stay. He remained at FMC-Devins until October, 2010 where the treatment of his condition included long term antibiotics administered via a pic line. During this period, Plaintiff again required a hospitalization when his infection returned.

After becoming infection free he was transferred back to FPC-Schuylkill. Following his return, Plaintiff claims that he again experienced dental problems and was allegedly denied either examination or treatment. The Complaint asserts that due to the deliberate indifference and/or negligence of the FPC-Schuylkill

---

3. It is alleged that FPC-Schuylkill was without a full time staff dentist for approximately eighteen (18) months during that period.

dental staff Spirk has suffered permanent injuries and may eventually require jaw replacement.

Following service of the Complaint, the Defendant filed a motion to dismiss and/or in the alternative for summary judgment. The Motion (Doc. 28) has been briefed and is ripe for consideration.

## **Discussion**

Defendant's motion argues that Spirk's FTCA and <u>Bivens</u> claims are time barred and also that the <u>Bivens</u> portion of the Complaint fails to state an Eighth Amendment claim against any particular person.

**Motion to Dismiss**

Defendant's pending dispositive motion is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Defendant's motion. Thus, the motion will be treated as solely seeking summary judgment. See <u>Latham v. United States</u>, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is

3

sufficient to place the parties on notice that summary judgment might be entered.")

**Summary Judgment**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is

4

a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Bivens**

**Timeliness**

Defendant initially seeks dismissal of Plaintiff's Bivens claims as being untimely filed. See Doc. 31, pp. 8-10. The Defendant acknowledges that this case began at its earliest on October 25, 2012 and argues that there is no allegation that any Bureau of Prison (BOP) employee denied him medical treatment after October 28, 2009. Therefore it is argued that all of Plaintiff's claims are barred by Pennsylvania's controlling two year statute of limitations. Plaintiff generally counters that his Bivens claims are not time barred

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9, 25 (3d Cir. 1996). The United States Supreme Court clarified its

5

decision in Wilson when it held that courts considering civil rights claims should borrow the general or residual [state] statute for personal injury actions. Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D. Pa. 1996).It has also been held that "state statutes of limitations should be borrowed for suits under Bivens." Roman v. Townsend, 48 F. Supp.2d 100, 104 (D. Puerto Rico 1999).

Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985).

The question of when a cause of action accrues is a question of federal law. Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. If a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period. Brenner v. Local 514, 927 F. 2d 1283, 1295 (3d Cir. 1991). It is also well settled that a person may realize he has been injured but is not adequately apprised as to the cause of his injury. See McGowan v. University of Scranton, 759 F.2d 287 (3d Cir. 1985). In Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380 (3d Cir. 1993), the Third Circuit Court of Appeals recognized two doctrines, equitable tolling and the discovery rule, which may extend the statute of limitations.

The statute of limitations may be subject to equitable tolling where it is shown that the plaintiff exercised reasonable diligence in bringing his claims. Campbell v. Kelly, 87 Fed. Appx. 234, 236 (3d Cir. 2003). The discovery rule is a judicially created principle which tolls the statue of limitations in cases where a reasonable person in the plaintiff's shoes lacks the critical facts to put him on notice that he needs to investigate.

However, it has been recognized that the limitations period in a civil rights action will begin to run even if the Plaintiff does not know all the facts necessary for his claim, all that is required is that the plaintiff have sufficient notice to place him on alert of the need to begin investigating. Gordon v. Lowell, 95 F. Supp.2d 264, 272 (E.D. Pa. 2000). Under Gordon a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Id.

By Order dated April 17, 2013, this Court determined that under the standards announced in Houston v. Lack, 487 U.S. 266 (1988), Spirk's Complaint would be deemed filed as of October 25, 2012, the date it was given to prison personnel for the purpose of it being mailed to this Court.[4] See Doc. 25.

Plaintiff states that between October 23, 2006 and October 27, 2009, he made numerous requests to medical and non-medical staff at FPC-Schuylkill regarding a tooth ache which were ignored. Although the tooth was extracted on October 28, 2009, Plaintiff experienced complications which resulted in an October 31, 2009 visit to the emergency room of an outside hospital and thereafter

---

4. See Doc. 1, p. 47.

7

emergency surgery on November 1, 2009. Following the surgery, Plaintiff was diagnosed as having chronic osteomyelitis of the jaw and was transferred to FMC-Devins on November 17, 2009.

Defendant asserts that there are no post-October 2009 claims of deliberate indifference raised in the Complaint. However, based on a careful review of the Complaint, Plaintiff alleges that after returning to FPC-Schuylkill during October, 2010, there was additional deliberate indifference to his medical needs. See Doc. 1, ¶¶ 72-79.

With respect to the initial portion of Plaintiff's Bivens claims, from October, 2006 to October 2009 and the discovery rule exception, the Court will accept arguendo, Spirk's contention that he did not become aware of the facts supporting his claim of deliberate indifference between 2006-2009 until he was diagnosed with chronic osteomyelitis of the jaw on November 10, 2009. See Doc. 1, ¶ 65. Even granting Plaintiff that liberal treatment, it is clear that those claims occurred more then two years prior to the October 25, 2012 filing of this action. Furthermore, it has not been asserted, nor is it apparent to this Court that the continuing pattern exception is applicable to those allegations.

Pursuant to the above discussion, this Court agrees that Plaintiff's Bivens claims of deliberate indifference between October, 2006 through October 24, 2010 are precluded from consideration under Pennsylvania's controlling two year statute of limitations.

However, the Plaintiff's Bivens claims regarding alleged deliberate indifference by FPC-Schuylkill officials which occurred

on or after October 25, 2010 are not subject to dismissal as time barred.

## **United States as Defendant**

The Defendant additionally argues that it is not a properly named defendant for the purposes of any Bivens claim raised by Spirk. See Doc. 31, p. 14. Plaintiff counters only that the United States is a properly named defendant in an FTCA action. See Doc. 39, p. 5.

It is undisputed that the Complaint names the United States of America as sole Defendant. The United States is generally immune from suit absent an explicit waiver of sovereign immunity, United States v. Mitchell, 445 U.S. 535, 538 (1980). This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to government agencies and employees sued in their official capacities. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996); Chinchello v. Fenton, 805 F. 2d 126, 130, n. 4 (3d Cir. 1986).

While this Court agrees that the United States is a properly named Defendant with respect to the FTCA portion of this action, "Congress has not waived sovereign immunity for damages claims for constitutional violations." Germosen v. Reno, Civil No. 99-1268, slip op. at 13 (M.D. Pa. Sept. 20, 2000)(Vanaskie, C.J.). Therefore, entry of dismissal in favor of Defendant United States of America is appropriate with respect to the post-October 25, 2010 Bivens claims of deliberate indifference.

**FTCA**

Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003). As noted above, the only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d).

An action filed pursuant to the FTCA must first be submitted in writing to the appropriate federal agency as an administrative tort claim. See 28 U.S.C. § 2675. The statute of limitations for submitting an administrative tort claim to the agency is two (2) years. See id. at § 2401(b).

The deadline for seeking judicial review is six (6) months after the agency's final denial of the administrative tort claim. See Pascale v. United States, 998 F. 2d 186 (3d Cir. 1993). This statute of limitations begins to run from the mailing date of the denial. Tuttle v. United States Postal Service, 585 F. Supp. 55 (M.D. Pa. 1983), aff'd, 735 F. 2d 1351 (3d Cir. 1984). A court may not extend the six month time period. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979). The time limitations contained in the FTCA are jurisdictional in nature. Willis v. United States, 879 F. Supp 889, 892 (C.D. Ill. 1994). Thus, a plaintiff's failure to sue within the period of limitations recognized by § 2401 deprives a court of subject matter jurisdiction. Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994).

Defendant asserts that although Plaintiff did file an administrative tort claim, his submission contained two dates,

October 19, 2011 and October 24, 2011. Moreover, Defendant asserts that the BOP did not receive the tort claim until October 31, 2011.

It is undisputed that Spirk filed an administrative tort claim consisting of two parts, a standard form which is dated October 19, 2011 and a supporting statement dated October 24, 2011. See Doc. 32-1, pp. 4 & 12. The Court will accept October 24, 2011 as being the date the administrative tort claim was mailed by Plaintiff.

The BOP denied Plaintiff's administrative tort claim on April 27, 2012. See id. at p. 14. The denial did not dismiss the tort claim as being untimely, however, Spirk's claim was only reviewed for the preceding two (2) year period. The denial does not specifically describe the two year period. Hence, it is unclear the denial was referencing two years prior to the October 31, 2011 date[5] the FTCA claim was time stamped as being actually received by the BOP.[6]

In addition, the denial advised Plaintiff that he had six (6) months from the date of the denial in which to bring an action in federal district court. As previously discussed herein, this action was filed on October 25, 2012, within the six (6) month window authorized by the April 27, 2012 administrative denial.

---

5. During that seven (7) day period Plaintiff had a tooth extracted (on October 28, 2009) and underwent emergency medical treatment

6. Plaintiff states that he is entitled to equitable tolling since express mail service is unable to FPC-Schuylkill inmates and since it took 36 hours for his certified mailing of the administrative tort claim to be processed.

11

Plaintiff's FTCA claims originating prior to October 24, 2009 are clearly subject to dismissal as being time barred. It is equally apparent that Spirk's FTCA claims relating to actions taken on or after October 31, 2011 are timely.

However, the mailbox rule announced in <u>Houston</u> and relied upon by Spirk does not apply to FTCA actions. <u>Lightfoot v. U.S.</u>, 564 F.3d 625 (3d Cir. 2009); <u>Garland-Sash v. Lewis</u>, 348 Fed. Appx. 639, 643 (2nd Cir. 2009)(every circuit to have ruled on the issue has held that the mailbox ruled does not apply to FTCA actions) In <u>Lightfoot</u>, the Third Circuit Court of Appeals held that the requirement of presenting an administrative tort claim "means more than merely mailing the claim." <u>Id</u>. at 628. It added that mailing is not presenting there must be receipt. <u>See</u> <u>id</u>. Furthermore, "a plaintiff must demonstrate that the Federal agency was in actual receipt of the claim." <u>Id</u>.

Based upon an application of <u>Lightfoot</u> to the undisputed record, since the BOP received the administrative tort claim on October 31, 2011, the administrative denial of all claims within the preceding two years will be deemed as referencing two years prior to October 31, 2011. Accordingly, the request for summary judgment will be granted in part. Plaintiff's FTCA claims originating prior to October 31, 2011 are clearly subject to dismissal as being time barred. However, Spirk's FTCA claims relating to actions taken on or after October 31, 2009 are timely and may proceed.

**Conclusion**

The Plaintiff's <u>Bivens</u> claims of deliberate indifference between October, 2006 to October 2009 are time barred and the post-October 25, 2010 claims of deliberate indifference are dismissed without prejudice because the United States is not a properly named defendant in a <u>Bivens</u> action.

Spirk's FTCA claims originating prior to October 31, 2009 will be dismissed as time barred. The remaining portion of Spirk's FTCA claims may proceed. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
Richard P. Conaboy
United States District Judge

DATED: DECEMBER 11 , 2013