IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRY L. SPIRK,

    Plaintiff

    v.

UNITED STATES OF AMERICA,

    Defendant

CIVIL NO. 3:CV-12-2157

(Judge Conaboy)

FILED
SCRANTON

AUG 15 2014

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Terry L. Spirk filed this pro se combined Bivens[1]-type civil rights and Federal Tort Claims Act (FTCA) action while confined at the Schuylkill Federal Prison Camp, Minersville, Pennsylvania (FPC-Schuylkill).[2] Named as sole Defendant is the United States of America.

By Memorandum and Order dated December 11, 2013, Defendant's motion for summary judgment was partially granted. See Docs. 42 & 43. Specifically, Plaintiff's Bivens claims of deliberate indifference between October, 2006 to October 24, 2010 were determined to be time barred and his post-October 25, 2010 Bivens

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. The docket indicates that Spirk is no longer incarcerated. See Doc. 51.

1

claims of deliberate indifference were not allowed to proceed because the United States was not a properly named Defendant.

In addition, Spirk's FTCA claims originating prior to October 31, 2009 were also dismissed as being time barred. However, Plaintiff's FTCA claims relating to actions taken on or after October 31, 2009 were found to be timely filed and were allowed to proceed.

By way of background, Plaintiff states that he was diagnosed as having osteomyelitis in 1964 at the age of fifteen. Approximately ten years later, he was diagnosed as having chronic osteomyelitis. During 2005, Spirk had his left leg amputated below the knee after a diagnosis of malignant osteomyelitis.

Upon entering FPC-Schuylkill in 2006, Plaintiff allegedly informed prison medical personnel of his condition and that he experiencing a tooth ache in his lower left jaw. See Doc. 1, ¶ 2. Between October 23, 2006 and October 27, 2009, Plaintiff allegedly made numerous requests to medical and non-medical staff regarding his tooth ache which were ignored. However, his tooth was eventually extracted on October 28, 2009. Following the extraction, Plaintiff experienced complications which resulted in an October 31, 2009 visit to the emergency room of an outside hospital and subsequent emergency surgery on November 1, 2009.

During this surgical procedure, another tooth and bone fragment were removed. In addition, treatment of the Plaintiff's infection was undertaken which included draining of the infection and the placement of an intravenous pic line. Plaintiff was diagnosed as having chronic osteomyelitis of the jaw. Following a sixteen (16) day hospital stay, Spirk was transferred to the

Federal Medical Center, Fort Devins, (FMC-Devins) Massachusetts. He remained at FMC-Devins until October, 2010 where the continuing treatment of his condition included long term antibiotics administered via the aforementioned pic line. During this period, Plaintiff again required a hospitalization when his infection recurred.

Upon becoming infection free he was transferred back to FPC-Schuylkill. Following his return, Plaintiff claims that he again experienced dental problems and was allegedly denied either examination or treatment. The Complaint asserts that due to the deliberate indifference and/or negligence of the FPC-Schuylkill dental staff Spirk has suffered permanent injuries and may eventually require jaw replacement.

Presently pending is the Defendant's motion seeking entry of summary judgment. See Doc. 53. The unopposed motion is ripe for consideration.

### Discussion

Defendant's summary judgment motion solely argues that Plaintiff's surviving FTCA claims cannot proceed because "Spirk's certificate of merit fails to meet the requirements of Pa. R. Civ. P. 1042.3(a)91)." Doc. 54, p. 1. As previously noted, Plaintiff has not filed a response. Accordingly the motion will be deemed unopposed.

### Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

3

P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the

4

evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003). As noted above, the only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d). An action filed pursuant to the FTCA must first be submitted in writing to the appropriate federal agency as an administrative tort claim and thereafter initiated within a limited time period. See 28 U.S.C. § 2675. As previously discussed, Spirk's pending FTCA claims relating to actions taken by federal correctional officials on or after October 31, 2009 were previously deemed to be timely filed and have been allowed to proceed. There is no pending argument that the administrative exhaustion requirement was not satisfied.

It is well-settled that a federal district court addressing an FTCA action must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987). However, in cases such as this which involve federal prisoners, it has been recognized that the government's duty of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443. The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the

5

state in which the alleged tortious conduct occurred. <u>Hossic v. United States</u>, 682 F. Supp. 23, 25 (M.D. Pa. 1987). Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. <u>Baum v. United States</u>, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982).[3]

Pennsylvania Rule of Civil Procedure 1042.3 requires a person who brings a claim of medical malpractice/negligence to file an appropriate certificate of merit either with the complaint or within sixty (60) days thereafter. The Rule 1042.3 certificate must certify that either: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the conduct which is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm; (2) the claim of deviation by defendant from an acceptable professional standard is based solely upon allegations that other licensed professionals for whom defendant is responsible deviated from an acceptable professional standard; (3) expert testimony of an appropriate licensed professional is unnecessary.

Courts within this circuit have recognized that Rule 1042.3 is substantive law and should be applied by federal courts sitting in diversity. <u>Schwalm v. Allstate Boliler & Construction</u>, 2005 WL 1322740 *1 (M.D. Pa. May 17, 2005)(Caputo, J.); <u>Scaramuzza v.</u>

---

3. Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury. <u>Hamil v. Bashline</u>, 392 A.2d 1280, 1284 (Pa. 1978).

6

Sciolla, 345 F. Supp.2d 508, 509-10 (E.D. Pa. 2004). It has also been held that a Plaintiff pursuing an FTCA claim must comply with Pennsylvania substantive law. Arrington v. Inch, 2006 WL 860961 *7. (M.D. Pa. March 30, 2006) (Conner, J.).

It is also noted that Plaintiff's incarceration or pro se status is not a viable basis upon which to excuse compliance with Rule 1042.3. See Perez v. Griffin, 2008 WL 2383072 *3 (M.D. Pa. June 9, 2008)(Rule 1042.3 applies to incarcerated and pro se plaintiffs and constitutes a rule of substantive state law to which plaintiffs in federal court must comply). Furthermore, a defendant who argues non-compliance by a plaintiff with Rule 1042.3 need not establish prejudice. Hartman v. LSCI-Allenwood, 2005 WL 1259950 *4 (M.D. Pa. May 27, 2005).

By Order dated April 17, 2013, this Court determined that under the standards announced in Houston v. Lack, 487 U.S. 266 (1988), Spirk's Complaint would be deemed filed as of October 25, 2012, the date it was given to prison personnel for the purpose of it being mailed to this Court.[4] See Doc. 25. While the Complaint is accompanied by a portion of Plaintiff's institutional medical records, there is no Rule 1042.3 certificate.

On January 24, 2013, Plaintiff filed a letter with this Court which was accompanied by a letter dated November 28, 2012 from Herbert K. Cooper, III, M.D. which Spirk indicates is his Rule 1042.3 certificate of merit. See Doc. 17. In his submission, Doctor Cooper acknowledges that he is not Spirk's physician but is writing the letter in accordance with Rule 1042.3 as both a

---

4. See Doc. 1, p. 47.

7

licensed medical doctor in the Commonwealth of Pennsylvania and as the Plaintiff's brother in law. See id. at p. 2. Cooper adds that he has followed Spirk's illness since first meeting him in 1978 because Plaintiff has often consulted with he and his wife (Spirk's sister who is also described as being a Registered Nurse).

Doctor Cooper adds that he is familiar with the allegations set forth in the Complaint adding "[t]he fact that Terry Spirk experienced prolonged periods of pain and swelling which was not addressed in a timely fashion is eclipsed only by his now having recurring if not persistent osteomyelitis of his jaw." Id. Cooper concludes that "[t]he events described and our observations as a medical family clearly show that Terry suffered unnecessarily, I therefore, understand his pursuing legal recourse." Id.

Defendant argues that the letter from Doctor Cooper does not qualify as a proper certificate of merit under Rule 1042.3. Specifically, it is asserted that since Doctor Cooper is a board certified psychiatrist who is no longer accepting patients he does not qualify as being an appropriate licensed professional for purposes of Rule 1042.3 in this matter. See Doc. 54, pp. 7-10. Moreover, Doctor Cooper's statement does not satisfy the requirements Rule 1042.3 as it provides "absolutely no information about the care and/or lack of care that was provided by the United States." Id. at p. 10.

The Defendant adds that there is no indication that Doctor Cooper reviewed the Plaintiff's medical records and his letter is based upon the "subjective allegations" of the Plaintiff, his brother in law. Id.

Rule 1042.3 requires that the appropriate licensed professional have sufficient education, training, knowledge, and experience to provide credible competent testimony. Based upon Doctor Cooper credentials as described by the Defendant,[5] this Court agrees that although licensed in the Pennsylvania, there is no indication that Doctor Cooper practices in the same subspecialty or is trained in the diagnosis or treatment of osteomyelitis of the jaw.[6] As such, there has been no demonstration that Doctor Cooper is competent to offer an opinion for purposes of Rule 1042.3 as to the quality of the treatment afforded to Plaintiff for the particular care at issue, osteomyelitis of the jaw.

Since it is undisputed only that Cooper is a board certified psychiatrist, who is no longer accepting patients, it has not been established that he is qualified to render an opinion as to what the acceptable professional standards are for treatment of osteomyelitis of the jaw. There are no facts in the record which could support a conclusion that the specific area of care at issue in this matter was within the expertise of a psychiatrist. This determination is underscored by the fact that there is no indication that Cooper has even reviewed the relevant medical records. Moreover, the wording employed in Doctor Cooper's letter does not actually render a medical opinion or satisfy the requirements of Rule 1042.3 but rather simply voices his support

---

5. Doctor Cooper's letter does not list or specifically describe his education, training, or qualifications.

6. The Defendant also speculates that since Cooper is no longer accepting clients he may retired more than five years ago thus, disqualifying his certificate of merit. However, this argument has not been sufficiently supported.

9

for his brother in law's initiation of this lawsuit and the Defendant's pending challenge to the sufficiency of the Rule 1042.3 certificate has not even been opposed.

Pursuant to the above discussion, Doctor Cooper is not an appropriate licensed professional who is competent to offer an opinion as the quality of the treatment afforded to Plaintiff for the particular care at issue, osteomyelitis of the jaw for purposes of Rule 1042.3 . Second, Doctor Cooper's letter simply does not sufficiently certify that there is a reasonable probability that the medical care at issue fell outside acceptable professional standards. As such, it does not meet the requirements of Rule 1042.3.

In light of his failure to oppose this request for summary judgment, Plaintiff has not shown a reasonable excuse for his failure to properly comply with Rule 1042.3. <u>Donnelly v. O'Malley & Langan</u>, 2009 WL 3241662 *3 (M.D. Pa. Oct. 2, 2009)(failure to file certificate of merit is not fatal to plaintiff's claim when he demonstrates that his failure to comply is justified by reasonable excuse). Accordingly, in light of Plaintiff's failure to submit a proper certificate of merit as required under Rule 1042.3, the unopposed request for entry of summary judgment will be granted and Plaintiff's surviving FTCA claims will be dismissed without prejudice. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 15th, 2014